09-5005-cr
United States v. Steven Mister

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of November, two thousand ten.

PRESENT:

> ROGER J. MINER,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,

---

UNITED STATES OF AMERICA,
> *Appellee*,

-v.-                                                                 No. 09-5005-cr

STEVEN MISTER,
> *Defendant-Appellant*.

---

> JAMES F. GREENWALD, Assistant Federal Public Defender (James P. Egan, Research and Writing Specialist, *on the brief*), *for* Alexander Bunin, Federal Public Defender, Northern District of New York, Syracuse, New York, for *Defendant-Appellant.*
>
> PAUL D. SILVER, Assistant United States Attorney (Miroslav Lovric, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York, for *Appellee*.

Appeal from the United States District Court for the Northern District of New York

(Thomas J. McAvoy, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court and sentence imposed on November 25, 2009 are AFFIRMED. However, the action is REMANDED solely for the purpose of allowing the district court to memorialize its stated sentencing reasons as mandated by 18 U.S.C. § 3553(c)(2).

Defendant Steven Mister appeals from a judgment of the district court revoking his supervised release and sentencing him principally to 24 months' incarceration. Mister challenges only the sentence on appeal, contending that it is both substantively and procedurally unreasonable. Specifically, he contends that the district court erred in calculating his advisory Guidelines range as 4 to10 months when, in fact, it should have been 3 to 9 months, and then failed to explain adequately its decision to impose a sentence in excess of that range. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a district court's sentence for "reasonableness," which "requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). We reverse for procedural unreasonableness only where the district court committed "significant procedural error" that we cannot deem harmless and for substantive unreasonableness in those "exceptional cases" where the sentence imposed "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2005) (internal quotation marks omitted).

Mister contends, first, that his sentence was procedurally unreasonable because the district court erroneously calculated his advisory Guidelines range as 4 to 10 months rather than 3 to 9

2

months.  The government concedes the error – which likely occurred because the Probation Office petition alleging Mister's violation of the conditions of his supervised release included a Grade B violation while, pursuant to his agreement with the Government, Mister accepted responsibility for only a Grade C violation – but contends that, on these facts, it does not rise to the level of reversible error.  We agree.

Because Mister did not raise an objection to the calculation below, we review the claim for plain error, which requires the defendant to establish not only that an error occurred but also that there is a "reasonable probability that, but for [the claimed error], the result of the proceeding would have been different." *United States v. Draper*, 553 F.3d 174, 182 (2d Cir. 2009) (internal quotation marks omitted).  This Mister cannot do.  In imposing sentence, the district court, which was very familiar with this defendant and  his history of violating conditions of his supervised release, acknowledged but gave no particular weight to the advisory Guidelines range and instead made clear its intention to select a "punishment . . . that is going to make you think before you decide to act wrongly again."  In selecting a 24-month prison term – one that was selected with no noted or notable relationship to the advisory range – the district court then circled back to that theme, noting again that it was "try[ing] . . . to sentence [Mister] to a term of imprisonment that will make you stop, hesitate and think before you abscond, run away, and do whatever it is you're going to try to do to escape the moment of the day."   Indeed, Mister identifies no basis for concluding that the district court gave any significant weight at all to the advisory range – one it mentioned only once, in passing – in crafting a sentence, let alone any basis for concluding that the district court's very minor error in calculating that range somehow prejudiced him. Accordingly, on plain error review, this error is wholly insufficient to render the sentence procedurally unreasonable. *See United States*

3

*v. Deandrande*, 600 F.3d 115, 120 (2d Cir. 2010) ("[R]emand is inappropriate where the error did not affect the district court's selection of the sentence imposed." (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992))).

For similar reasons, we reject Mister's further contention that the sentence is procedurally unreasonable because the district court failed to explain adequately its basis for varying upward from even the incorrectly calculated Guidelines range. As noted above, the district court was very familiar with the defendant and the case, made clear its intention to impose a significant prison term, and explained why, in light of the history of the case and the defendant's extensive history of failing to comply with the conditions of his supervised release, such a penalty was necessary.

Finally, Mister contends the sentence was substantively unreasonable because the district court imposed a sentence that was "greater than necessary" to further the goals of 18 U.S.C. § 3553(a). Challenges to the substantive reasonableness of a sentence are reviewed with "due deference to the sentencing judge's exercise of discretion," *Cavera*, 550 F.3d at 189, and, as noted, we reverse only where we conclude that the sentence selected "cannot be located within the range of permissible decisions," *id.* at 191. We see no basis in this record for concluding that the district court abused that discretion or that the sentence it imposed fell outside the range of permissible possible sentences.

To the extent Mister raises other arguments with respect to the sentence imposed, we have considered them and reject them as meritless. However, while not raised by Mister on appeal, the government admirably draws this Court's attention to the district court's failure to memorialize in its written judgment of conviction its reasons for imposing an above-range sentence, as it was required to do by 18 U.S.C. § 3553(c)(2). *See United States v. Villafuerte*, 502 F.3d 204, 210 (2d

4

Cir. 2007). As we have previously explained, while such an error "in the face of sufficient oral reasons will rarely rise to the level of" reversible error with respect to the sentence itself – and it certainly does not here – under such circumstances, "the better course" nonetheless is to "remand so that non-compliance with subsection 3553(c)(2) may be remedied." *United States v. Verkhoglyad*, 516 F.3d 122, 133 (2d Cir. 2008) (internal quotations marks omitted). We emphasize that we identify no substantive or procedural error warranting resentencing. Remand is appropriate solely to permit the district court to amend its written judgment to satisfy the "ministerial duty to memorialize its stated reasons for sentencing as required by § 3553(c)(2)." *Id.* at 134.

Accordingly, and for the foregoing reasons, the judgment of conviction and sentence imposed are AFFIRMED, but the action is REMANDED solely to permit the district court to satisfy fully the requirements of section 3553(c)(2).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5